JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-06592 DMG (MANx)** | Date | August 13, 2012 |

| | |
|---|---|
| Title | *United Pacific Bank v. Christian Manor Retirement Center Inc., et al.* Page 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On May 30, 2012, Plaintiff United Pacific Bank filed a complaint in Los Angeles County Superior Court for unlawful detainer against Defendant Christian Manor Retirement Center, Inc. Plaintiff seeks possession of real property and damages for Defendant's use and occupancy of the property in the amount of $500 per day starting on May 13, 2012. (Compl. at 3 [Doc. # 1].) Defendant removed the case to this Court on July 31, 2012, asserting subject matter jurisdiction on the basis of a federal question. *See* 28 U.S.C. § 1331. In addition, Defendant cites the following grounds for removal without explanation: "28 U.S.C. sections . . . 1343(3), 1441, 1443, 1983 [sic]; [and] the Fifth and Fourteenth Amendments to the United States Constitution."[1] (Notice of Removal at 1 [Doc. # 1].)

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint raises no federal question. Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60-61, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009). Defendant asserts that there is a federal question because Plaintiff, a California bank, and Defendant's approximately 50 elderly residents all receive federal funds. (Notice of Removal ¶¶ 12-14.) Yet, neither Plaintiff's federal funding nor Defendant's residents' Medicaid payments are at issue in this lawsuit. Plaintiff seeks to obtain possession of real property after purchasing it at a foreclosure sale and to recover the property's

---

[1] Presumably, Defendant refers to 42 U.S.C. § 1983 as that section does not exist under Title 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-06592 DMG (MANx)** | Date | August 13, 2012 |
| Title | *United Pacific Bank v. Christian Manor Retirement Center Inc., et al.* | Page | 2 of 3 |

reasonable rental value for the time that Defendant remained in possession of it following the expiration of the three-day notice to quit the premises. These are state law claims. Therefore, the Court lacks federal question jurisdiction. Similarly, 28 U.S.C. § 1343(3) does not apply because Plaintiff does not allege that Defendant deprived it of a federal civil right.

The general removal statute, 28 U.S.C. § 1441, merely provides that state court cases can be removed to federal court if the federal court has original jurisdiction over the action. Section 1441 does not itself provide a basis for original jurisdiction.

The next jurisdictional statute that Defendant invokes, 28 U.S.C. § 1443, does not apply here. Section 1443(1) permits a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citations and internal quotation marks omitted). Defendant's allegations in the notice of removal fail to state a basis for federal jurisdiction under 28 U.S.C. § 1443(1).

Section 1443's second and final subsection "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Peacock*, 384 U.S. at 824. As this subsection does not apply here, Section 1443 is not a basis for removal.

The other federal laws that Defendant cites, 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments, do not contain any provisions permitting removal of actions from state court and are not themselves at issue in the complaint. As explained above, any actual or potential defense under these laws does not give rise to removal jurisdiction. *See Vaden*, 556

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-06592 DMG (MANx)** | Date | August 13, 2012 |
|---|---|---|---|

| Title | *United Pacific Bank v. Christian Manor Retirement Center Inc., et al.* | Page | 3 of 3 |
|---|---|---|---|

U.S. at 60-61.  Nor can the Court can discern any other basis for subject matter jurisdiction.  The parties are not diverse, and therefore 28 U.S.C. § 1332(a) does not apply.

      As Defendant has not established a basis for subject matter jurisdiction, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**